**SANDERS LAW GROUP**
Craig B. Sanders, Esq. (Cal Bar 284397)
csanders@sanderslaw.group
Frances Lange, Esq. (Cal Bar 304892)
flange@sanderslaw.group
333 Earle Ovington Blvd., Suite 402
Uniondale, NY 11553
Tel: 516-203-7600
File No.: 144878

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Paul Kitagaki, Jr., | Case No: |
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §501** |
| v. | |
| HeyDay, | JURY TRIAL DEMANDED |
| Defendant. | |

Plaintiff Paul Kitagaki, Jr. ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant HeyDay ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2. Plaintiff is a professional photographer whose original photographic works have been licensed, published, distributed, exhibited, and displayed through newspapers, magazines, editorial publications, media organizations, digital-media

platforms, and commercial channels.

3. Plaintiff created a photograph, which depicts licensed psychotherapist, educator, and author Satsuki Ina and which Plaintiff licenses for editorial, educational, documentary, historical, cultural, commercial, and print uses (the "*Photograph*").

4. The Photograph was first published in connection with the book jacket for "The Poet and the Silk Girl."

5. Defendant owns and operates www.heydaybooks.com (the "*Website*"), through which Defendant promotes books, authors, cultural programs, educational resources, and related publishing activities.

6. Upon information and belief, Defendant utilizes the Website as a publishing, marketing, audience-engagement, customer-acquisition, and business-development platform through which Defendant promotes books, authors, educational materials, cultural content, events, and related offerings.

7. Upon information and belief, photographs are integral to Defendant's publishing and promotional activities because visual content attracts reader attention, enhances audience engagement, promotes authors and publications, increases website traffic, and increases the commercial value of Defendant's publishing operations.

8. Upon information and belief, Defendant's unauthorized use of the Photograph increased the attractiveness of the Website, enhanced audience engagement, promoted Defendant's author-related content, generated traffic to the Website, and created commercial value without payment of a license fee to Plaintiff.

9. Defendant, without authorization, reproduced and publicly displayed the Photograph in connection with its commercial activities and engaged in this misconduct knowingly and in violation of the United States copyright laws.

**PARTIES**



SLG SANDERS LAW GROUP

10. Plaintiff Paul Kitagaki, Jr. is an individual who is a citizen of the State of California and maintains a principal place of business in Sacramento County, California.

11. Defendant is a nonprofit corporation organized under the laws of the State of California with a principal place of business at 1808 San Pablo Avenue, Berkeley, California.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

13. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in California.

14. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a) because Defendant may be found in this District, regularly conducts business in this District, and a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this District, including the unauthorized reproduction, display, distribution, and/or exploitation of Plaintiff's copyrighted work.

## FACTS COMMON TO ALL CLAIMS

### A. Plaintiff's Copyright Ownership

15. Plaintiff is a professional photographer whose work has been widely licensed, published, distributed, exhibited, and displayed through newspapers, magazines, editorial publications, media organizations, digital-media platforms, and commercial channels.

16. Plaintiff is recognized for documenting historical events, public figures, cultural topics, community stories, and matters of significant public interest.

17. Plaintiff derives income from the licensing and authorized use of copyrighted photographic works and relies upon licensing revenue as an important



SLG SANDERS LAW GROUP

component of Plaintiff's business.

18. Plaintiff has devoted substantial time, skill, effort, creativity, training, and expense to creating original photographic works and maintaining a commercially valuable photographic archive.

19. Plaintiff's photographs possess substantial commercial value because of their originality, professional quality, historical significance, documentary value, and marketability for editorial, educational, documentary, commercial, and promotional uses.

20. Plaintiff actively protects and enforces copyrights in original photographic works and maintains exclusive rights in such works pursuant to the Copyright Act.

21. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office covering many of Plaintiff's photographs.

22. Plaintiff regularly licenses photographs to publishers, media organizations, educational institutions, documentary producers, cultural organizations, and commercial entities for a fee.

23. Plaintiff's photographs have been used in connection with books, educational materials, historical publications, documentary projects, editorial reporting, cultural publications, and other media uses.

24. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

25. On February 19, 2012, Plaintiff first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

26. Plaintiff first published the Photograph in connection with the book jacket for “The Poet and the Silk Girl”.

27. Because the Photograph was first published in connection with the book jacket for "The Poet and the Silk Girl," the Photograph possessed established value



SLG SANDERS LAW GROUP

for publishing, educational, cultural, promotional, historical, and author-related uses prior to Defendant's unauthorized use.

28. The Photograph possesses substantial licensing value because it depicts a recognizable author and public figure and is suitable for editorial, educational, documentary, historical, cultural, promotional, publishing-related, and author-profile uses.

29. Photographs depicting authors, educators, historians, and other public figures are commonly licensed for editorial, educational, documentary, historical, publishing, promotional, and author-profile uses.

30. In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

31. Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B. Defendant's Infringing Activity**

32. Defendant is the registered owner of the Website and is responsible for its content.

33. Defendant is the operator of the Website and is responsible for its content.

34. Upon information and belief, Defendant derives commercial and organizational value from website traffic, reader engagement, promotion of books and authors, donations, sponsorship support, brand visibility, audience growth, educational outreach, and related publishing activities facilitated by content appearing on the Website.

35. Upon information and belief, Defendant operates a publishing and media business that utilizes written content, photographs, author profiles,

educational resources, cultural content, and other visual-media assets in order to attract readers, increase audience engagement, strengthen brand recognition, promote publications, and generate commercial value.

36. Upon information and belief, Defendant's business model depends in substantial part upon the publication, promotion, and distribution of written and visual-media content through the Website in order to attract audience attention, increase engagement, strengthen brand visibility, expand readership, and generate commercial value.

37. Upon information and belief, Defendant operates in an industry in which copyrighted photographs are routinely acquired, licensed, published, distributed, and displayed in connection with books, publications, author profiles, historical content, cultural materials, and promotional activities.

38. Upon information and belief, Defendant knew or should have known that the Photograph was protected by copyright because it was of professional quality, depicted a recognizable individual, and was distributed through commercial and editorial channels.

39. Upon information and belief, Defendant's personnel have significant experience utilizing photographs and other visual-media content in connection with publications, books, author profiles, marketing materials, and editorial content and are familiar with industry practices requiring that such content be properly licensed prior to publication.

40. Upon information and belief, photographs depicting authors, educators, historians, cultural figures, and persons of public interest are particularly valuable to Defendant because such photographs attract reader attention, enhance the attractiveness of author profiles and related editorial content, increase audience engagement, promote books and publications, increase website traffic, and increase the commercial value of Defendant's publishing operations.



SLG SANDERS LAW GROUP

SANDERS LAW GROUP

41. Upon information and belief, Defendant specifically selected and utilized the Photograph because it depicted Satsuki Ina, one of Defendant's authors, and because such visual content enhances the attractiveness of author-profile content, promotes Defendant's publications, increases reader engagement, and increases the commercial value of Defendant's publishing activities.

42. On or about October 1, 2023 without permission or authorization from Plaintiff, Defendant willfully and volitionally reproduced and publicly displayed the Photograph on the Website as part of an author profile at URL https://www.heydaybooks.com/authors/satsuki-ina/ (the "*Infringement*"). A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2.

43. The Photograph was willfully and volitionally reproduced and stored by Defendant at URL: https://www.heydaybooks.com/wp-content/uploads/2023/10/PSIL-Satsuki-Ina_credit_Paul-Kitagaki-Jr-1-1024x806.jpeg.

44. The Infringement is an exact copy or, in the alternative, a substantially similar copy of Plaintiff's Photograph and contains the same protectable elements, including composition, subject matter, timing, angle, lighting, perspective, framing, and overall expressive content.

45. Plaintiff first observed the Infringement on March 21, 2024.

46. Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph.

47. The Infringement includes a URL ("*Uniform Resource Locator*") that was accessible to the public and remained available for viewing for a non-transitory period of time.

48. The URL at which Defendant stored the Photograph included a reference to Plaintiff by name, further demonstrating that Defendant knew or should

have known that the Photograph originated from a professional photographer and was subject to copyright protection.

49. Upon information and belief, Defendant takes an active and pervasive role in the creation, selection, acquisition, licensing, editing, publication, posting, promotion, and display of content appearing on the Website including Plaintiff's Photograph.

50. Defendant exercised control over the content published on its Website and was responsible for selecting, uploading, and displaying the Photograph. Defendant used the Photograph in furtherance of its publishing, educational, cultural, and promotional activities and derived financial benefit from increased audience engagement, author promotion, publication promotion, brand visibility, website traffic, and related business-development opportunities.

51. Upon information and belief, Defendant reproduced, displayed, distributed, communicated, transmitted, promoted, and otherwise exploited the Photograph through the Website in connection with Defendant's publishing, educational, and promotional activities.

52. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

53. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

54. Upon information and belief, Defendant exercised editorial, managerial, and operational control over the content appearing on the Website.

55. Upon information and belief, Defendant has the legal right and ability



SLG SANDERS LAW GROUP

to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

56. Upon information and belief, Defendant monitors the content on its Website.

57. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

58. Upon information and belief, the Infringement increased engagement with the Website and generated additional audience traffic, reader attention, brand visibility, consumer interest, promotional value, and commercial value for Defendant.

59. Upon information and belief, Defendant derived commercial value from the resulting audience engagement, publicity, promotional exposure, author promotion, publication promotion, brand visibility, increased website traffic, reader engagement, and related business-development opportunities associated with the Infringement.

60. In addition to reproducing and publicly displaying the Photograph on its own Website, upon information and belief, Defendant provided and/or transmitted a copy of the Photograph to KQED, Inc., for use in connection with the promotion of The Poet and the Silk Girl and/or its author, Satsuki Ina.

61. KQED, Inc., reproduced and publicly displayed an exact copy of the Photograph on URL: https://www.kqed.org/news/11979430/the-poet-and-the-silk-girl-a-japanese-american-story-of-love-imprisonment-and-protest. A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2.

62. The Infringement includes a URL ("*Uniform Resource Locator*") that was accessible to the public and remained available for viewing for a non-transitory period of time.

63. Plaintiff first observed The Infringement on KQED, Inc.'s website on

March 21, 2024.

64. Defendant did not obtain Plaintiff's permission or authorization to distribute, transmit, furnish, or otherwise provide the Photograph to KQED for such promotional use.

65. Upon information and belief, KQED received the Photograph from Defendant and thereafter reproduced and publicly displayed the Photograph on KQED's website in connection with its promotion of The Poet and the Silk Girl and Satsuki Ina.

66. Plaintiff did not authorize or license the reproduction or public display of the Photograph on KQED's website.

67. KQED's publication demonstrates that Defendant disseminated and supplied Plaintiff's copyrighted Photograph to a third party for a use that was not authorized by Plaintiff and for which Plaintiff ordinarily would have been entitled to negotiate and receive a license fee.

68. Defendant's unauthorized provision and transmission of the Photograph to KQED constituted an additional unauthorized exploitation of the Photograph beyond Defendant's reproduction and public display of the Photograph on its own Website.

69. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

70. Defendant's unauthorized reproduction and public display of the Photograph on its Website, together with Defendant's unauthorized distribution and/or transmission of the Photograph to KQED for separate promotional use, constitute direct infringements of Plaintiff's exclusive rights in the Photograph.

71. Defendant's use of the Photograph harmed the actual market for the Photograph.

72. Defendant's use of the Photograph, if widespread, would harm

Plaintiff's potential market for the Photograph.

73. Defendant's unauthorized use usurps the market for licensed uses of the Photograph and undermines Plaintiff's ability to license his work to other commercial entities.

74. On March 13, 2026, Plaintiff, through counsel, notified Defendant of the infringing activity described herein and demanded that Defendant cease and desist from its unauthorized use of Plaintiff's copyrighted work and compensate Plaintiff for its unauthorized use thereof.

75. Following Plaintiff's notice, Defendant undertook efforts to remove the Photograph from the Website and from additional third-party locations, thereby demonstrating Defendant's ability to control, remove, and otherwise regulate infringing content relating to the Photograph.

76. Following receipt of Plaintiff's notice, Defendant responded through its representative and represented that it had removed the Photograph from the Website.

77. Defendant further represented that it contacted third parties who had displayed the Photograph and requested removal of the Photograph from those additional locations.

78. Defendant also represented that it requested removal of archived versions of the Photograph from the Internet Archive.

79. Defendant's response and subsequent removal efforts demonstrate that Defendant possessed the ability to control, modify, remove, and otherwise regulate content appearing on the Website.

80. Despite removing the Photograph and undertaking removal efforts, Defendant did not compensate Plaintiff for its unauthorized use of the Photograph, thereby necessitating the commencement of this action.

81. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.



SANDERS LAW GROUP

SIG SANDERS · LAW GROUP ·

**FIRST CAUSE OF ACTION**

***(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)***

82. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

83. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

84. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

85. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

86. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed the Photograph copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

87. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

88. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority.

89. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504

in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c).

90. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

91. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

92. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying, reproducing, distributing, publishing, and publicly displaying it without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant

from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: September 9, 2026

**SANDERS LAW GROUP**
By: *__/s/ Craig B. Sanders__*
Craig B. Sanders, Esq.
333 Earle Ovington Blvd., Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 144878

*Attorneys for Plaintiff*